UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case Number 08-20520
v.                                  Honorable David M. Lawson

DUANE SULLIVAN,

        Defendant.

_____/

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

On February 25, 2010, defendant Duane Sullivan pleaded guilty to possessing five grams or more of crack cocaine with intent to distribute it in violation of 21 U.S.C. § 841(b)(1)(B), and being a felon in possession of a firearm in violation of 18 U.S.C. § 924(a)(2). The drug charge normally would have carried a prison term of five to 40 years, but because the defendant had a prior felony drug conviction, the enhanced sentence exposure was at least 10 years and up to life in prison. *See* 21 U.S.C. §§ 841(b)(1)(B) (2010), 851. On June 7, 2010, the Court sentenced Mr. Sullivan to 120 months on the drug count and 60 months on the firearm conviction, with the sentences to be served concurrently.

At the sentence hearing, the Court observed that Mr. Sullivan's net offense level was 23 and his criminal history category was IV. That would have yielded a sentencing guideline range of 70 to 87 months. However, because the statutory mandatory minimum sentence was 10 years (that is, 120 months), the guideline range became 120 months. *See* USSG § 5G1.1(b). Therefore, the defendant's sentence was not based on a sentencing range established and subsequently lowered by

the Sentencing Commission. Instead, the sentence was based on the statutory minimum sentence ordained by Congress.

Now before the Court is Mr. Sullivan's motion to reduce his sentence under 18 U.S.C. § 3582(c). The defendant argues that he is entitled to have his sentence reduced because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued new and more lenient sentencing guidelines applicable to offenses involving crack cocaine. Those guidelines will be made retroactive by the Sentencing Commission as of November 1, 2011.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission.

(Emphasis added). Mr. Sullivan alleges that because the Sentencing Commission has reduced the crack cocaine guidelines and made them retroactive, and his crime involved the distribution of crack cocaine, he is entitled to a sentence reduction.

The United State Court of Appeals for the Sixth Circuit has held that a defendant subjected to a statutory mandatory minimum sentence is not eligible for a reduction under section 3582(c)(2) because the guideline amendment does not lower the defendant's applicable guideline range. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). Subsequently, that court held that the Sentencing Commission's amendment to a sentencing guideline range that does not affect a statutory

mandatory minimum sentence will not provide the basis for a subsequent reduction of a sentence under section 3582(c)(2). *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011).

The Court believes that Mr. Sullivan's motion is governed by the precedent set forth in *Johnson* and *McPhearson*. Because Mr. Sullivan's sentence is based on the statutory mandatory minimum and not a sentencing guideline range that was later lowered by the Sentencing Commission, he is not eligible for relief.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c) [dkt. #390] is **DENIED**.

s/Davd M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 9, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 9, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL