UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case Number 08-20520
v.                                      Honorable David M. Lawson

KEITH WALKER,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582

On February 12, 2009, the defendant, Keith Walker, pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, and one count of conspiracy to unlawfully use a communication facility to commit a drug trafficking offense. At the sentencing hearing, the Court adopted the offense level and criminal history category as prescribed by the career offender provision of the Sentencing Guidelines, but granted the government's request for a substantial assistance departure pursuant to U.S.S.G. § 5K1.1. The defendant was sentenced to 216 months imprisonment on the first two counts and forty-eight months imprisonment on the third, to be served concurrently.

Now before the Court is the defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c). The defendant argues that he is entitled to have his sentence reduced because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued new and more lenient sentencing guidelines applicable to offenses involving crack cocaine. Those guidelines were made retroactive by the Sentencing Commission as of November 1, 2011.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added). The defendant argues that he is entitled to a sentence reduction because he was sentenced to the crack-cocaine guidelines, as opposed to the career-offender guidelines, because the Court substantially departed from career-offender guidelines and because the Sentencing Commission reduced the crack cocaine guidelines and made them retroactive.

The United State Court of Appeals for the Sixth Circuit has held that a defendant sentenced as a career offender is not eligible for a sentence reduction based on Amendment 706, even if the court grants a downward departure based on substantial assistance. *United States v. Perdue*, 572 F.3d 288, 290-92 (6th Cir. 2009).

The Court believes that the defendant's motion is governed by the precedent set forth in *Perdue*. Because the defendant's sentence is based on the career-offender guidelines and not a sentencing guideline range that was later lowered by the Sentencing Commission, he is not eligible for relief.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) [dkt. # 401] is **DENIED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: December 12, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 12, 2011.

                                    s/Deborah R. Tofil
                                      DEBORAH R. TOFIL