UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case Number 08-20520
    Honorable David M. Lawson

ROBERT EVANS,

    Defendant.

_____/

## **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

On March 11, 2009, defendant Robert Evans pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine, conspiracy to distribute and to possess with intent to distribute cocaine base, and conspiracy to unlawfully use a communications facility to commit a drug trafficking offense. The conspiracy to distribute counts carried a statutory minimum sentence of ten years. However, on September 9, 2009, the Court sentenced Mr. Evans to 70 months imprisonment on the drug counts and 48 months imprisonment on the use of a communications facility conviction, with the sentences to be served concurrently. The Court imposed a sentence below the statutory minimum based on Mr. Evans's substantial assistance. *See* 18 U.S.C. § 3553(e). The Court also sentenced Mr. Evans to 60 months supervised release on the drug counts and 36 months supervised release on the use of a communications facility conviction, with the terms to be served concurrently.

Now before the Court is Mr. Evans's motion to reduce his sentence under 18 U.S.C. § 3582(c). The defendant argues that he is entitled to have his sentence reduced because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued

new and more lenient sentencing guidelines applicable to offenses involving crack cocaine. Those guidelines were made retroactive by the Sentencing Commission as of November 1, 2011.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission.

(emphasis added). Mr. Evans alleges that because the Sentencing Commission has reduced the crack cocaine guidelines and made them retroactive, and his crime involved the distribution of crack cocaine, he is entitled to a sentence reduction.

The United State Court of Appeals for the Sixth Circuit has held that a defendant who is subject to a statutory minimum sentence but whose sentence departs from the statutory minimum based on his substantial assistance is not eligible for a reduction under section 3582(c)(2). *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). The court reasoned that the starting point for such a sentence is not U.S.S.G. § 2D1.1(c) — the drug quantity table modified in that case by Amendment 706 — but the mandatory minimum sentence itself. Therefore, the guideline amendment did not lower the guideline range upon which the defendant's sentence was based. *Ibid.* The Sixth Circuit also has held that, even if the district court's departure analysis began at the base offense level applicable under U.S.S.G. § 2D1.1, such a defendant is not entitled to a sentence reduction under section 3582(c)(2) because the reduction would be inconsistent with the Sentencing Commission's policy statements. *United States v. Hameed*, 614 F.3d 259, 268-69 (6th Cir. 2010).

The Court believes that Mr. Evans's motion is governed by the precedent set forth in *Johnson* and *Hameed*. Because Mr. Evans's sentence was based on the statutory mandatory minimum and not a sentencing guideline range that was later lowered by the Sentencing Commission, he is not eligible for relief.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c) [dkt. #403] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 8, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL