UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case Number 08-20520

v.                                            Honorable David M. Lawson

BILLY SMITH,

        Defendant.

_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

The matter is before the Court on the defendant's motions for reduction in sentence. On February 17, 2009, the defendant, Billy Smith, pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, and one count of conspiracy to unlawfully use a communication facility to commit a drug trafficking offense. On June 25, 2009, the defendant was sentenced to 96 months imprisonment on the first two counts and 48 months on the third, to be served concurrently. The defendant also was sentenced to five years supervised release. The guideline range calculated at the time of sentencing was based on a total offense level of 35 (base offense level 38 minus three for acceptance of responsibility) and criminal history category of IV, resulting in a guideline range of 210 to 262 months.

Now before the Court is the defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c). The defendant argues that he is entitled to have his sentence reduced because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued

new and more lenient sentencing guidelines applicable to offenses involving crack cocaine. Those guidelines were made retroactive by the Sentencing Commission as of November 1, 2011.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10(a)(2) of the Sentencing Guidelines provides that a defendant is not eligible for a sentence reduction if the amendment to the Sentencing Guidelines — in this case, Amendment 750, which was made retroactive by Amendment 759 — "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The quantity of drugs used to calculate the defendant's original base offense level was 7,756,800 kilograms of marijuana equivalency, which was calculated by totaling 384 kilograms of cocaine (76,800 kilograms of marijuana equivalency) and 384 kilograms of cocaine base (7,688,000 kilograms of marijuana equivalency). Based on the Fair Sentencing Act and Crack Retroactivity Amendment, the defendant's new base offense level would be based on 1,448,064 kilograms of marijuana equivalency — 76,800 kilograms of marijuana equivalency for the cocaine and 1,371,264 kilograms of marijuana equivalency for the cocaine base. *See* U.S.S.G. § 2D1.1 app. n.10(D). The defendant's base offense level would remain unchanged at 38 because his drug quantity was more than 30,000 kilograms of marijuana equivalency. U.S.S.G. § 2D1.1(c)(1). After applying the three-level reduction for acceptance of responsibility, the defendant's new total offense level remains at

a 35, making him ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Snipes*, 385 F. App'x 483, 486 (6th Cir. 2010) (holding that defendant was not eligible for sentence reduction where the applicable guideline range after considering the effect of the amendment to the Sentencing Guidelines was identical to the original guideline range under which the defendant was sentenced).

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence [dkt. #406] is **DENIED**.

                                s/David M. Lawson
                                DAVID M. LAWSON
                                United States District Judge

Dated: May 18, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 18, 2012.

                                s/Deborah R. Tofil
                                DEBORAH R. TOFIL