UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATT MAGBRAY,

    Defendant.

_____/

Case Number 08-20520-8
Honorable David M. Lawson

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

The matter is before the Court on the defendant's motion for sentence reduction. On February 25, 2009, the defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine (count 1); conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base (count 2); and conspiracy to unlawfully use communication facilities (count 26). On May 13, 2010, the Court sentenced the defendant to 140 months imprisonment on counts 1 and 2 and 48 months on count 26, to be served concurrently.

On October 31, 2011, the defendant filed his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c), based on the Fair Sentencing Act and Amendment 750 to the sentencing guidelines. Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10(a)(2) of the Sentencing Guidelines provides that a defendant is not eligible for a sentence reduction if the amendment to the Sentencing Guidelines—in this case, Amendment 750, which was made retroactive by Amendment 759—"does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Based on the Fair Sentencing Act and Crack Retroactivity Amendment, the defendant's new base offense level would be based on 1,178.55 kilograms of marijuana equivalency, which is calculated by adding: 5 kilograms of cocaine (1,000 kilograms of marijuana equivalency) and 50 grams of cocaine base (178.55 kilograms of marijuana equivalency). *See* U.S.S.G. § 2D1.1 app. n.10(D). The defendant's base offense level would be 32, because this drug quantity falls between 1,000 and 3,000 kilograms of marijuana equivalency. U.S.S.G. § 2D1.1(c)(4).

Under the 2008 Guidelines used at his sentencing, the defendant's base offense level was based on 2,000 kilograms of marijuana equivalency, which was calculated by adding: 5 kilograms of cocaine (1,000 kilograms of marijuana equivalency) and 50 grams of cocaine base (1,000 kilograms of marijuana equivalency). The defendant's base offense level at sentencing was 32, which is the same as the base offense level calculated under the new guidelines.

After subtracting two levels under U.S.S.G. §§ 2D1.1(a)(3)(A) and (B)(i) for the defendant's mitigating role in the offenses, and three levels under § 3B1.2 for the same reason, the defendant's adjusted offense level is 27 under both the new guidelines and the guidelines used at sentencing. Based on an offense level of 27 and the defendant's criminal history category of VI, his guideline range remains at 130 to 162 months, the same as the range applied at sentencing.

The defendant is therefore ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) because his recalculated sentence would be unaffected by the guideline amendments. *See United*

*States v. Snipes*, 385 F. App'x 483, 486 (6th Cir. 2010) (holding that defendant was not eligible for sentence reduction where the applicable guideline range after considering the effect of the amendment to the Sentencing Guidelines was identical to the original guideline range under which the defendant was sentenced).

Accordingly, it is **ORDERED** that the defendant's motion for sentence reduction is **DENIED**.

                                         s/David M. Lawson
                                         DAVID M. LAWSON
                                         United States District Judge

Dated: September 7, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 7, 2012.

                              s/Deborah R. Tofil
                              DEBORAH R. TOFIL